46925. TREND DEVELOPMENT CORPORATION v. DOUGLAS COUNTY et al.
(383 SE2d 123)

SMITH, Justice

1. The Court takes this opportunity to advise bench and bar that appeals in zoning cases will henceforth require an application. Where an appeal from a decision of a court reviewing a zoning decision involves a constitutional question, this Court has jurisdiction; where it does not involve a constitutional question, the Court of Appeals has jurisdiction. However, in neither case is the appeal direct because it is an appeal from the decision of a court reviewing a decision of an administrative agency within the meaning of OCGA § 5-6-35 (a) (1). In *City of Atlanta Bd. of Zoning Adjustment v. Midtown North, Ltd.,* 257 Ga. 496, 497, n. 1 (360 SE2d 569) (1987), Justice Weltner wrote:

The constitutional provisions govern which appellate court has jurisdiction of a matter subject to appeal. The applicable statutes determine the method of pursuing the appeal. As this case is an "appeal from the decision of the superior court reviewing a decision of a local administrative agency," it comes within the scope of OCGA § 5-6-35 (a) (1), which requires application for review.

Additionally, in *Ross v. Mullis Tree Service,* 183 Ga. App. 627, 628 (360 SE2d 288) (1987), the Court of Appeals held that "OCGA § 5-6-35 (a) (1) is applicable to appeals from decisions of the superior courts reviewing decisions of local zoning tribunals. . . ." Therefore, in accordance with those decisions, we hold that all zoning cases appealed either to the Court of Appeals or the Supreme Court of Georgia must hereafter come by application as of the date this opinion appears in the Official Advance Sheets, October 26, 1989.

2. Appellant Trend Development acquired 96 acres of land in Douglas County which was zoned R-1 (residential/agricultural). Appellant applied for and obtained approval for rezoning of the property from R-1 to R-2 (single family residential). However, prior to appellant's development of a residential subdivision, the Douglas County Board of Commissioners approved the location of a landfill on the 1,000 acres of land directly adjoining the property. Subsequently, appellant applied to rezone its property from R-2 to R-7 (mobile home subdivision residential). The Board of Commissioners denied this request. Appellant instituted an action in Douglas County Superior Court seeking to set aside the Board's decision, and this relief was also denied.

In September 1987, appellant filed another application to rezone the property. This proposal contained changes which were made in an effort to meet previously expressed concerns of the Board and the public. In the application, appellant proposed that all of the mobile homes would be "double-wide," placed on permanent foundations, and covered by 10-year warranties; that all of the units would have decks, driveways, and landscaping; and that substantial restrictive covenants would be recorded and bind all purchasers of lots within the property. Appellant also agreed to numerous conditions proposed by a Board member. Additionally, appellant allowed the rezoning to be labeled a conditional zoning, thereby converting appellant's earlier R-7 application into a conditional R-7, or R-7-C, request. The Board of Commissioners voted against the rezoning, and the Douglas County Superior Court granted appellee's motion of summary judgment on the basis of res judicata. We reverse.

The doctrine of res judicata does not bar appellant's present cause of action.

In order for the doctrine of res judicata to apply, or for a party to take advantage of the doctrine in a subsequent suit brought against him after the termination of the first, there are three prerequisites to which the situation must conform. They are 1) identity of parties; 2) identity of the cause of action; and 3) adjudication by a court of competent jurisdiction. All of these elements must concur. [Cits.]

*Firestone Tire &c. Co. v. Pinyan,* 155 Ga. App. 343, 345 (270 SE2d 883) (1980). In this case, all three elements do not concur because there is no identity of the cause of action. When appellant appealed the first decision of the Board, the appellant appealed the denial of an R-7 application, not the denial of an R-7-C request as is the case here. Moreover, the second application contained restrictions which the first application did not. These restrictions and the change in category modified the contents of the first application such that the Board, in effect, considered a *new* application, not merely the same application twice. It is the denial of this new application which appellant appealed to the trial court. Since the trial court considered a new application, a new cause of action was involved notwithstanding the fact that the parties in both suits were identical. Thus, res judicata does not apply.

Secondly, the doctrine of res judicata does not bar the present suit because appellees failed to raise this issue at the Board of Commissioners' hearing on the second application. This Court has held that "[a] constitutional attack on a zoning classification cannot be made for the first time in the superior court. [Cits.]" *DeKalb County v. Post Properties, Inc.,* 245 Ga. 214, 217 (263 SE2d 905) (1980). Similarly, we now hold that, just as required in a constitutional attack, a party must raise any plea in bar as a defense in the initial hearing before the County Commissioners in order to assert it as a defense on appeal.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 11, 1989 —
RECONSIDERATION DENIED SEPTEMBER 27, 1989.

*Anderson & Tate, Thomas T. Tate,* for appellant.
*James R. Dollar, Robert B. Edwards,* for appellees.