S90A1592. CITY OF ATLANTA et al. v. CATES et al.
(399 SE2d 474)

CLARKE, Chief Justice.

Ronald Cates, Spalding Partners, and others ("Cates et al.") began trying to rezone some property east of Lenox Road in 1985. The first application to rezone failed — as did litigation to achieve the

same goal. In 1988 Cates et al. filed a second rezoning application citing changed conditions. The rezoning application failed and this litigation followed. The City of Atlanta moved for summary judgment, arguing that the issue of the constitutionality of the existing zoning classification had already been adjudicated against Cates et al. The City asserted that the doctrine of res judicata should bar a second rezoning litigation by the same parties and relating to the same properties. The trial court relied on *Trend Development Corp. v. Douglas County*, 259 Ga. 425 (383 SE2d 123) (1989), and denied the motion. In this appeal, the City asks this Court to overrule the portion of *Trend* that deals with res judicata.

1. The doctrine of res judicata applies to bar a second suit when the two actions have identity of parties, identity of the cause of action and a previous adjudication by a court of competent jurisdiction. *Trend*, supra at 427. The "cause of action" or the issue to be decided in a rezoning case is the constitutionality of the zoning classification of a given piece of property. *Barrett v. Hamby*, 235 Ga. 262 (219 SE2d 399) (1975). If the earlier case found the zoning constitutional, the parties are barred from relitigating that issue unless or until circumstances in the area change so as to make the zoning classification unconstitutional.

To overcome a motion for summary judgment on res judicata grounds, a party seeking to relitigate the constitutionality of a property's zoning classification must demonstrate a change in circumstances affecting the use of the land. The court deciding the summary judgment motion may look to pleadings, affidavits, exhibits, etc. In some situations it may be appropriate to consider the rezoning application itself. *Trend*, supra. This is so even though the Superior Court determines the law and the facts from matters presented to it with no deference to decisions made by the zoning board, *Moon v. Cobb County*, 256 Ga. 539 (350 SE2d 461) (1986). However, even though the court may consider the zoning application when determining whether a change in circumstances has occurred, a change in the application alone is insufficient to overcome summary judgment on res judicata grounds. We interpret *Trend* as limited to the specific facts presented in that case. We do not interpret *Trend* to mean that a simple change in the rezoning application creates a new cause of action.

In this case, the affidavits filed create a genuine issue of fact as to whether conditions surrounding the property at issue have changed substantially during the past two years. A classification that was constitutional in 1985 or 1987 might not be constitutional now. Therefore, res judicata does not apply as a matter of law to bar the present litigation. The trial court correctly denied the summary judgment motion.

2. The City next argues that *Trend* inappropriately requires all affirmative defenses found in the Civil Practice Act to be raised before the zoning board. Again, we do not read *Trend* so broadly.

3. We have reviewed appellant's other enumerations of error and find them to be without merit.

*Judgment affirmed. All the Justices concur, except Bell, J., who dissents as to Division 1 and the judgment; Hunt and Fletcher, JJ., who dissent as to Division 2, but not the judgment.*

HUNT, Justice, concurring in part and dissenting in part.

1. I agree with the majority in Division 1 that a change in the rezoning application is insufficient to overcome summary judgment on res judicata grounds. This holding overrules, or at least distinguishes, the first part of Division 2 of *Trend Development Corp. v. Douglas County*, 259 Ga. 425 (383 SE2d 123) (1989). I write separately to emphasize that matters contained in the application, which are not a pleading before the trial court, would not affect the trial court's decision whether a change in circumstances in the area has occurred so as to make the zoning classification unconstitutional, except to the extent those matters are presented in evidentiary form, such as by affidavit.

2. I respectfully dissent to Division 2 of the majority opinion. In *Trend*, supra, we unanimously held:

> [J]ust as required in a constitutional attack, a party must raise any plea in bar as a defense in the initial hearing before the County Commissioners in order to assert it as a defense on appeal. Id. at 427 (2).

In my concurrence in *Shockley v. Fayette County*, 260 Ga. 489 (396 SE2d 883) (1990), I pointed out that, notwithstanding the established rule, it makes little sense to require a formal presentation of a constitutional claim before a body which cannot determine that claim. It makes *no* sense, and indeed there is *no* authority, beyond *Trend*, for a requirement that the city or county notify the legislative body of its intent to raise a res judicata defense, or any other plea in bar, in order to preserve that defense on appeal. Accordingly, I dissent to Division 2.[1]

---

[1] My position assumes that these issues will have been properly raised at the superior court level. My objection is to the elevation of administrative agencies and commissions to "lower courts" for the purpose of deciding whether an issue has been preserved for appeal. In any event, it is highly probable that, in this type of case, where a rezoning for the same property recently has been denied, the essence of a res judicata defense will be raised before the commission. That is, the parties opposing the subsequent rezoning application will ordinarily argue the property owner is seeking the same rezoning denied earlier, and the circum-

I am authorized to state that Justice Fletcher joins in this dissent.

DECIDED JANUARY 11, 1991 —
RECONSIDERATION DENIED FEBRUARY 6, 1991.

*Marva Jones Brooks, David D. Blum, Robert L. Zoeckler, Michael V. Coleman, Joe M. Harris,* for appellants.

*Peterson, Dillard, Young, Self & Asselin, Thomas O. Marshall, Carlton M. Henson,* for appellees.

