S96A1690. O S ADVERTISING COMPANY OF GEORGIA, INC.
v. RUBIN et al.
(482 SE2d 295)

FLETCHER, Presiding Justice.

The issue in this case is whether persons who challenge the constitutionality of zoning ordinances should have a right of direct

appeal. Adhering to our decision in *Trend Development Corp. v. Douglas County*,[1] we reiterate that all appeals in zoning cases require an application and dismiss this direct appeal for lack of jurisdiction.

O S Advertising built a nonconforming outdoor advertising sign and applied for a variance from the City of Atlanta Board of Zoning Adjustment. In its variance application, O S Advertising alleged that several city ordinances regulating signs were unconstitutional both on their face and as applied to its sign. The board denied the variance. After the superior court upheld the board's decision, we granted O S Advertising's first application for a discretionary appeal. On appeal, we affirmed the decision denying the variance, but remanded for the trial court to consider O S Advertising's facial challenge to the city sign ordinances.[2] On remand, the superior court ruled that some regulations were unconstitutional, but upheld others. O S Advertising filed both an application for discretionary appeal and a direct appeal. This Court denied the application because there was no reversible error and dismissed the direct appeal based on *Trend*. On motion for reconsideration, we vacated the dismissal order and reinstated this direct appeal to consider the jurisdictional issue.

1. OCGA § 5-6-35 (a) (1) provides that appeals from superior courts reviewing decisions of local administrative agencies require an application for appeal. In *Trend*, we held that appeals in zoning cases required an application because they were appeals from court decisions "reviewing a decision of an administrative agency within the meaning of OCGA § 5-6-35 (a) (1)."[3] This holding established a bright-line rule for both litigants and the appellate courts. If the underlying subject-matter is zoning, an application for discretionary appeal must be filed.[4]

This procedure does not deny a party in a zoning case the right to appellate review.[5] It merely permits this Court to consider the appellant's enumerations of error in a streamlined process that omits oral arguments and a written opinion. In reviewing discretionary applications for appeals, our rules require us to grant the application when the trial court commits reversible error or a precedent is desirable.[6]

2. Relying on the rationale in *Trend*, O S Advertising argues that this Court should make an exception to the rule requiring an applica-

---

[1] 259 Ga. 425 (383 SE2d 123) (1989).

[2] *O S Advertising Co. v. Rubin*, 263 Ga. 761 (438 SE2d 907) (1994).

[3] 259 Ga. at 425.

[4] See *Alexander v. DeKalb County*, 264 Ga. 362, n. 4 (444 SE2d 743) (1994).

[5] See Leah J. Sears, "Discretionary Appeals Work Well in Domestic Relations Cases," 105 Fulton Co. Daily Rep. 246 at 1-2 (Dec. 19, 1994) (describing court's process in reviewing discretionary applications).

[6] Ga. Sup. Ct. R. 33.

tion in all appeals involving zoning. It argues that the rule in *Trend* should not apply where the superior court addresses a claim challenging the constitutionality of a zoning ordinance on its face. In that situation, it contends the superior court is not acting as a reviewing court ruling on an appeal from an administrative agency, but rather is acting as a trial court hearing a facial constitutional challenge to a city ordinance.

Although there are fallacies in the rationale in *Trend*,[7] we decline to create an exception to its holding in this case. O S Advertising's proposed distinction would create confusion concerning the proper procedure to follow in appeals in zoning cases without providing property owners or zoning authorities any additional review of their substantive claims. Moreover, it would permit litigants to control the appellate procedure, contrary to legislative intent, by raising a facial challenge to every zoning ordinance.[8] More problematic, it would impose on both the parties and this Court the difficult task of determining whether the superior court acted in its role as a "trial court" or as a "reviewing court" in each zoning case. As a result, parties would file both an application and a direct appeal to avoid the risk of reaching a conclusion different from this Court and thus losing their right to any appellate review. Because the decision in *Trend* provides a clear, efficient, and fair rule, we follow it here and dismiss this direct appeal.

*Appeal dismissed. All the Justices concur, except Carley, J., who dissents.*

CARLEY, Justice, dissenting.

The majority states that "[t]he issue in this case is whether persons who challenge the constitutionality of zoning ordinances *should* have a right of direct appeal." (Emphasis supplied.) If that were the question, viable policy arguments supporting the majority's conclusion could be presented in the appropriate forum. However, the issue in this case really is whether or not persons who challenge the constitutionality of zoning ordinances *do* have a right of direct appeal under applicable constitutional and statutory provisions. This Court clearly has the ultimate responsibility for construing the constitutional and statutory provisions regarding the jurisdiction of the appellate courts of this state. *Saxton v. Coastal Dialysis &c. Clinic,* 267 Ga. 177 (476 SE2d 587) (1996). I know of no authority, however,

---

[7] See, e.g., *Shockley v. Fayette County,* 260 Ga. 489, 491 (396 SE2d 883) (1990) (Hunt, J., concurring).

[8] See *Scruggs v. Dept. of Human Resources,* 261 Ga. 587, 588 (408 SE2d 103) (1991) ("The legislature did not intend for parties to regulate litigation."); cf. *Rebich v. Miles,* 264 Ga. 467, 469 (448 SE2d 192) (1994) (underlying subject-matter generally controls in determining proper appellate procedure to prevent parties from governing process).

which authorizes this Court to disregard the clear mandate of existing jurisdictional provisions and to decline to hear an appeal which those provisions compel that we consider. Because I believe that the majority misconstrues OCGA § 5-6-35 (a) (1) and that the judgment of the trial court in this case is reviewable on direct appeal, I respectfully dissent.

OCGA § 5-6-35 (a) (1) does *not* provide that appeals in zoning cases can be brought only by means of the discretionary appeal process. By its terms, that statute provides, in relevant part, only that "[a]ppeals from decisions of the superior courts reviewing decisions of . . . local administrative agencies" must be brought by means of that process.

> The clear intent of section (a) (1), above, was to give the appellate courts . . . the discretion not to entertain an appeal where the superior court had reviewed a decision of certain specified lower tribunals (i.e., two tribunals had already adjudicated the case).

*C & S Nat. Bank v. Rayle*, 246 Ga. 727, 730 (273 SE2d 139) (1980). Thus, unless a zoning case constitutes an appeal from a decision of the superior court reviewing a zoning decision of the local zoning agency, it is not a discretionary appeal under OCGA § 5-6-35 (a) (1). While, in *Trend Development Corp. v. Douglas County*, 259 Ga. 425 (1) (383 SE2d 123) (1989), we did hold that "appeals in zoning cases will henceforth require an application," that holding clearly was premised upon OCGA § 5-6-35 (a) (1). Accordingly, *Trend* stands only for the proposition that an appeal from a decision of the superior court reviewing a zoning decision of the local zoning agency is a zoning case which is subject to the discretionary appeal process, because it is a case which two tribunals had already adjudicated.

In this case, O S Advertising's (OSA) application for a variance as to one of its signs was denied by the Board of Zoning Adjustments (BZA) and OSA filed an appeal of that administrative decision to the superior court. The superior court upheld the decision of the BZA, and it is clear that OSA's appeal from that decision of the superior court would be subject to the discretionary appeal provisions of OCGA § 5-6-35 (a) (1). However, OSA did not limit the relief it sought from the superior court to a prayer for a reversal of the BZA's decision. OSA

> also sought a declaration that the sections of the Atlanta City Code governing the erection of signs . . . be declared unconstitutional as a violation of constitutional protections of free speech . . . and the takings clause of the Federal and

State constitutions. . . .


*O S Advertising Co. v. Rubin*, 263 Ga. 761 (438 SE2d 907) (1994). There is no requirement that a constitutional attack be initiated before the local zoning agency where, as here, the contention is not that an ordinance is unconstitutional as applied specifically to the landowner's property, but that the ordinance is unconstitutional as applied to all property within its purview. *O S Advertising Co. v. Rubin*, supra at 764 (3). Thus, it is clear that OSA's appeal to this Court from the superior court's ruling on the declaratory judgment issue would not be subject to the discretionary appeal provisions of OCGA § 5-6-35 (a) (1), since, in addressing the constitutionality of the ordinances, the superior court was not reviewing only a decision of a lower tribunal, but was actually sitting as a trial court.

The majority justifies its dismissal of OSA's direct appeal on the ground that it declines to create an exception to *Trend*. I submit, however, that the majority's holding is entirely inconsistent with and an unwarranted extension of *Trend*. I do not deny that viable policy arguments can be advanced for making appeals in all zoning cases subject to the discretionary appeal process. In my opinion, however, those policy arguments should be advanced in the General Assembly in connection with an effort to amend OCGA § 5-6-35. Until OCGA § 5-6-35 is amended so as to provide that appeals in *all* zoning cases are subject to the discretionary appeal process, I would adhere to the limited holding in *Trend* that all appeals from a decision of the superior court reviewing a zoning decision of the local zoning agency are subject to the discretionary appeal process. Because the superior court's declaratory judgment ruling as to the constitutionality of the zoning ordinances in this case was not restricted to a review of a decision of the local zoning agency, I dissent to the majority's dismissal of OSA's direct appeal from that ruling by the superior court.

DECIDED MARCH 10, 1997 —
RECONSIDERATION DENIED APRIL 3, 1997.

*Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling*, for appellant.
*David D. Blum, Robert L. Zoeckler*, for appellees.