S98A0217. HARRELL et al. v. LITTLE PUP DEVELOPMENT & CONSTRUCTION, INC.

(498 SE2d 251)

CARLEY, Justice.

The Lowndes County Board of Commissioners (Board) conditionally approved a request to rezone certain property to single-family residential use. One of the conditions placed on the rezoning was

"modification of the plans to have an entrance and an exit onto Bemiss-Knights Academy [BKA] Road only." (T. 144) Despite this condition, the present owner of the property, Little Pup Development and Construction, Inc., (Little Pup) created a temporary entrance from the dead-end of Mayfield Lane. Gregory and Sherry Harrell (the Harrells), who reside on Mayfield Lane, brought this action for injunctive relief to enforce the condition. The trial court concluded that it could not restrict Little Pup's access to its new subdivision development by a public, county-maintained road such as Mayfield Lane. The trial court further found that the County made representations to Little Pup that BKA Road would be paved as soon as possible and, based on this finding, the trial court permitted Little Pup to continue using the temporary entrance of Mayfield Lane until BKA Road is paved. We granted the application for discretionary appeal to consider whether that application was necessary pursuant to OCGA § 5-6-35 (a) (1) and whether the trial court erred by denying the injunctive relief sought by the complaint.

1. Appeals "in zoning cases [require] an application because they [are] appeals from court decisions 'reviewing a decision of an administrative agency within the meaning of OCGA § 5-6-35 (a) (1).'" *O S Advertising Co. v. Rubin*, 267 Ga. 723, 724 (1) (482 SE2d 295) (1997). See also *Trend Dev. Corp. v. Douglas County*, 259 Ga. 425 (383 SE2d 123) (1989). Thus, we cannot consider the applicability of the application requirement in zoning cases apart from its statutory basis. The Harrells did not join their action for injunctive relief with any appeal from an adverse administrative decision. Compare *O S Advertising Co. v. Rubin*, supra (which initially involved a superior court review of a local zoning decision, which this Court affirmed in a previous appeal of the same case). Indeed, no party ever sought review, by any method, of the only relevant local zoning decision in this case. Instead, several months later, the Harrells filed suit directly in superior court in an attempt to enforce the existing zoning ordinance. Therefore, this appeal in no way involves superior court review of an administrative decision. Thus, the trial court's order is directly appealable under OCGA § 5-6-34 (a) (4) and does not come within the purview of OCGA § 5-6-35 (a) (1) so as to require the grant of an application for discretionary appeal under OCGA § 5-6-35 (b). However, we had jurisdiction to grant the Harrells' application pursuant to OCGA § 5-6-35 (j). Accordingly, we will consider the merits of the case.

2. The language used in the ordinance makes clear the intent of the Board that there was to be no access of any kind other than by BKA Road. See *Michiels v. Fulton County*, 261 Ga. 395 (1) (405 SE2d 40) (1991). The official minutes of the Board show no vote that the rezoning condition was to take effect only after BKA Road is paved.

Since the ordinance fails "to state limitations or make reference thereto, the public is entitled to rely upon the four corners of the ordinance." *Martin v. Hatfield*, 251 Ga. 638, 639 (2) (308 SE2d 833) (1983). Little Pup could not rely on any representations that BKA Road would be paved as soon as possible, inasmuch as equitable estoppel cannot interfere with the County's governmental zoning function. *Michiels v. Fulton County*, supra at 397 (2). We will not address the constitutionality of the rezoning condition, as the trial court did not distinctly pass on that issue. *Massey v. State*, 265 Ga. 632, 634 (2), fn. 2 (458 SE2d 818) (1995); *Bourn v. Herring*, 225 Ga. 67, 69 (1) (b) (166 SE2d 89) (1969); *Raskin v. Wallace*, 215 Ga. App. 603, 604 (1) (451 SE2d 485) (1994).

Accordingly, we find that the trial court erred in failing to grant injunctive relief.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 23, 1998.

*Sherry S. Harrell,* pro se.
*Barham, Dover, Bennett, Miller, Sherwood & Stone, J. Carol Sherwood, Jr.,* for appellee.