S98A1975. OUTDOOR WEST, INC. OF GEORGIA v.
COWETA COUNTY.
(512 SE2d 604)
Order of Court.

As this is an appeal from a decision in a zoning case, appeal to this Court is by the application procedures of OCGA § 5-6-35. *O S Advertising Co. v. Rubin*, 267 Ga. 723, 724 (1) (482 SE2d 295) (1997); *Trend Dev. Corp. v. Douglas County*, 259 Ga. 425 (383 SE2d 123) (1989). In fact, Outdoor West, Inc., has, prior to this direct appeal, filed such an application (*Outdoor West, Inc. of Georgia v. Coweta County, Georgia*, S98D1665). The application was denied by this Court on August 14, 1998. Accordingly, this direct appeal is dismissed.

*All the Justices concur, except Hunstein and Carley, JJ., who dissent.*

CARLEY, Justice, dissenting.

Alleging that Coweta County's sign ordinance was unconstitutional in several respects, Outdoor West brought suit seeking declaratory judgment and injunctive relief. The parties filed cross-motions for summary judgment. The trial court denied Outdoor West's motion for summary judgment, but granted Coweta County's motion. Outdoor West filed this direct appeal, which a majority of this Court dismisses on the ground that it is from a judgment in a zoning case which must be appealed only pursuant to the grant of an application for a discretionary appeal. *O S Advertising Co. v. Rubin*, 267 Ga. 723, 724 (1) (482 SE2d 295) (1997); *Trend Dev. Corp. v. Douglas County*, 259 Ga. 425 (383 SE2d 123) (1989). In my opinion, this case is not controlled by *Trend* or *O S Advertising*, but by *Harrell v. Little Pup Dev. & Constr.*, 269 Ga. 143, 144 (1) (498 SE2d 251) (1998). I believe that *Harrell* compels that we consider Outdoor West's direct appeal on its merits.

In *Harrell v. Little Pup Dev. & Constr.*, supra, this Court held

that *Trend* and its progeny must be considered in conjunction with the applicable statutory basis for requiring an application in zoning cases. That statutory basis is found in OCGA § 5-6-35 (a) (1), which requires an application to appeal from court decisions reviewing administrative agency decisions. Here, however, Outdoor West did not join its action for declaratory judgment and "for injunctive relief with any appeal from an adverse administrative decision. [Cit.]" *Harrell v. Little Pup Dev. & Constr.*, supra at 144 (1). Compare *O S Advertising Co. v. Rubin*, supra. Indeed, there is no evidence that there has been a final administrative decision or that Outdoor West has prosecuted any appeal therefrom by any method. "Therefore, this appeal in no way involves superior court review of an administrative decision." *Harrell v. Little Pup Dev. & Constr.*, supra at 144 (1). Thus, Outdoor West was not required to comply with the discretionary appeal procedures of OCGA § 5-6-35. *Harrell v. Little Pup Dev. & Constr.*, supra. Because I believe that the trial court's order is directly appealable, I dissent to this Court's order dismissing Outdoor West's appeal.

I am authorized to state that Justice Hunstein joins in this dissent.

DECIDED FEBRUARY 5, 1999 —
RECONSIDERATION DENIED FEBRUARY 19, 1999.

*Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling,* for appellant.

*Hawkins & Parnell, T. Ryan Mock, Jr., Robert S. Thompson,* for appellee.