### S99A0787. CHORDEGIAN v. WILLIAMS.
(518 SE2d 878)

*All the Justices concur, except Hunstein and Carley, JJ., who dissent.*

CARLEY, Justice, dissenting.
I submit that the majority mischaracterizes this direct appeal as a "zoning case," which it then erroneously dismisses by reliance upon inapplicable authority. "[T]he underlying subject matter *generally* controls over the relief sought in determining the proper procedure to follow to appeal." (Emphasis supplied.) *Rebich v. Miles,* 264 Ga. 467, 469 (448 SE2d 192) (1994). Thus, the mere fact that a case may involve zoning does not *invariably* implicate the discretionary appeal provisions of OCGA § 5-6-35. Certainly, nothing in *O S Advertising Co. v. Rubin,* 267 Ga. 723, 724 (482 SE2d 295) (1997) or *Trend Dev. Corp. v. Douglas County,* 259 Ga. 425 (383 SE2d 123) (1989) stands for the proposition that OCGA § 5-6-35 (a) applies simply because an appeal may arise in the context of a zoning controversy. Indeed, neither case could support such a proposition, since OCGA § 5-6-35 (a) does not include "zoning cases" among those which are subject to its provisions. *Trend Dev. Corp.* and *O S Advertising Co.* were deemed "zoning cases" only because the subject matter of each was the substantive zoning issue of a constitutional attack upon a zoning classification as enacted and enforced by the local agency. See also *DeKalb County v. Druid Hills Civic Assn.,* 269 Ga. 619 (502 SE2d 719) (1998) (appeal from grant of mandamus relief compelling the Board of Com-

missioners to act on a zoning appeal from the zoning board); *Rebich v. Miles*, supra (mandamus *review* by superior court of decision by administrative agency). Because this is not such a zoning case, I dissent to the dismissal of the appeal.

The resolution of the issue raised by this direct appeal would not involve interpretation or application of any zoning ordinance. This is simply a mandamus action brought against a Gwinnett County zoning official, which action was filed in the Superior Court of DeKalb County because that is the county where the official resides. The superior court denied the petition for mandamus on the ground that venue is improper in DeKalb County. Therefore, the *only* issue on appeal is whether the superior court correctly or incorrectly denied the mandamus petition on the basis of improper venue. Compare *DeKalb County v. Druid Hills Civic Assn.*, supra; *O S Advertising Co. v. Rubin*, supra; *Rebich v. Miles*, supra; *Trend Dev. Corp. v. Douglas County*, supra. This Court has jurisdiction over mandamus cases, including those cases which involve the issue of proper venue. See *Sprinkle Distilling Co. v. Southern Express Co.*, 141 Ga. 21 (80 SE 288) (1913). A resolution of this appeal will not address the underlying propriety of any action of the Gwinnett County zoning authorities, only the correctness of the superior court's determination that DeKalb County is not the proper venue of the mandamus action. Compare *DeKalb County v. Druid Hills Civic Assn.*, supra; *O S Advertising Co. v. Rubin*, supra; *Trend Dev. Corp. v. Douglas County*, supra. Nothing in OCGA § 5-6-35 provides that appeals from orders in mandamus cases which concern the issue of venue are discretionary. The denial of the petition was a final judgment under OCGA § 5-6-34 and, therefore, no interlocutory application under subsection (b) of that section would be necessary. Thus, this is a valid direct appeal over which this Court has jurisdiction. If and when the merits of the petition are finally considered, an appeal from that ruling may or may not be subject to OCGA § 5-6-35. However, that is a jurisdictional issue which can be determined only at a future time. The issue before us is whether the present appeal is subject to those discretionary appeal provisions and, contrary to the majority's determination, this is clearly not a "zoning case" as previously defined by any decision of this Court.

Because jurisdiction exists, I believe that we are compelled to address the merits of the venue issue raised by Appellant's appeal. In that regard, the controlling principle is that

the writ of mandamus seeks to enforce . . . the personal obligation of the individual to whom it is addressed. [Cit.] The writ does not reach the office nor can it be directed to the office. It acts directly on the person of the officer or other

respondent, coercing him in the performance of a plain duty. It is a personal action against the officer and not one in rem against the office. [Cits.]

*McCallum v. Bryan,* 213 Ga. 669, 670 (3) (100 SE2d 916) (1957). Thus, in this case, venue was proper in DeKalb County, as the county of residence of Appellee. See *Sanders v. Harper,* 220 Ga. 649, 652 (1) (141 SE2d 156) (1965). See also *Daniel v. Yow,* 226 Ga. 544, 546 (3) (b) (176 SE2d 67) (1970); *McGinty v. Gormley,* 181 Ga. 644 (1) (183 SE 804) (1935); *Gardiner & Doughtie v. Southern Express Co.,* 141 Ga. 23 (80 SE 289) (1913); *Sprinkle Distilling Co. v. Southern Express Co.,* supra. Whether Appellee is the real party-defendant in interest under OCGA § 9-11-17 (b) or whether mandamus relief would be ineffectual in the absence of additional parties-defendant are entirely separate and distinct defensive issues from whether venue of this mandamus action against Appellee is proper in DeKalb County. See *City of Lawrenceville v. Humphries,* 229 Ga. 724, 726 (1) (194 SE2d 84) (1972); *Smith v. Hodgson,* 129 Ga. 494 (59 SE 272) (1907). Therefore, this case should be reversed with direction that the superior court consider the merits of the petition. Moreover, even if venue was improper in DeKalb County, the judgment still should be reversed, with direction to transfer the case for determination before the superior court of the county where venue would be proper. See *Browne v. Browne,* 258 Ga. 636 (2) (373 SE2d 366) (1988). Because the Court fails to exercise its jurisdiction so as to reverse the clearly erroneous judgment of the superior court, I must respectfully dissent.

I am authorized to state that Justice Hunstein joins in this dissent.

DECIDED JUNE 3, 1999.

*Schreeder, Wheeler & Flint, David H. Flint, Scott W. Peters,* for appellant.

*Michael V. Stephens, Karen G. Thomas,* for appellee.