A99A2378. CITY OF BYRON et al. v. BETANCOURT et al.
A99A2379. DAVIDSON et al. v. BETANCOURT et al.
(528 SE2d 841)

MILLER, Judge.

Plaintiffs Robert D. Betancourt, Sam Dorsey, Terri Hancock, Wanda A. McDuffie, and Tim E. Miller brought this petition for declaratory judgment and injunctive relief against defendants the City of Byron, the Mayor and City Council of Byron, and the Byron Planning & Zoning Board, alleging defendants failed to follow the procedures prescribed by OCGA § 36-36-21 during the annexation of certain properties into the corporate limits of the City and further failed to follow the procedures of OCGA § 36-66-4 (a) and (b) in establishing a new zoning district within the City. Defendants admitted that on May 4, 1998, the Mayor and City Council received and approved four applications for annexation of real property into the City of Byron corporate limits and also passed an ordinance making such annexation effective immediately upon passage. The parties stipulated to the following: (1) The subject property, known as the racetrack property, is approximately two miles from the existing corporate limits of the City of Byron; (2) the application for annexation

was filed with the city clerk at 4:00 p.m., May 4, 1998, just two hours before the Mayor and Council voted to approve the annexation although the application was in the hands of the city attorney sometime before filing; (3) the City of Byron currently has no zoning classification M-2; (4) neither the City nor the Planning & Zoning Board posted notice of a January 28, 1999 meeting on each public street side of the subject property, although one sign was posted at U. S. Highway 41 and the racetrack property; and (5) notices of proposed zoning changes to the racetrack property were not mailed to each owner of property abutting the subject property.

After a hearing, the superior court concluded that defendants' "attempt to annex and (re)zone [the racetrack] property failed to comply with various procedural requirements and is therefore void." There is no express grant of permanent injunctive relief.

### Case No. A99A2378

1. Even though this case does not involve an appeal from an administrative ruling, there is considerable doubt this direct appeal is authorized, since it complains of the superior court's order declaring void the acts of the City Council and the Planning & Zoning Board in attempting to rezone, via a newly enacted zoning classification, the recently annexed racetrack property. Appeals from decisions in zoning cases require an application to this Court for permission to pursue a discretionary appeal under OCGA § 5-6-35 (a) (1).[1]

2. Assuming, but not deciding, a direct appeal is authorized from this final judgment voiding certain zoning actions attempted by the defendant bodies of local government,[2] we conclude that defendants have failed to meet their burden to affirmatively show error by the record.[3] Eight of defendants' twelve enumerations of error complain of facts allegedly found by the superior court, while the remaining four complain of the superior court's application of law to those facts. But the notice of appeal expressly directs that "[t]he transcript of evidence and proceedings will not be filed for inclusion in the record on appeal."

In order for the appellate court to determine whether the judgment appealed from was erroneous, it is the duty of the appellant to include in the record those items which will enable the appellate court to perform an objective review of

---

[1] *Chordegian v. Williams*, 271 Ga. 179 (518 SE2d 878) (1999); *Outdoor West of Ga. v. Coweta County*, 270 Ga. 527 (512 SE2d 604) (1999); *Trend Dev. Corp. v. Douglas County*, 259 Ga. 425 (1) (383 SE2d 123) (1989).

[2] See *Harrell v. Little Pup Dev. &c.*, 269 Ga. 143 (498 SE2d 251) (1998).

[3] *Marshall v. SDA, Inc.*, 234 Ga. App. 312 (1) (506 SE2d 661) (1998).

the evidence and proceedings. OCGA § 5-6-41 (c). Thus, where the transcript is necessary, as in the case sub judice, and appellant omits it from the record on appeal or fails to submit a statutorily authorized substitute, the appellate court must assume the judgment below was correct and affirm.[4]

The stipulated facts do not demonstrate any error in the superior court's rulings. In the absence of a transcript, including the exhibits tendered into evidence, we must assume the judgment complained of was supported by competent evidence and are duty-bound to affirm.[5]

### Case No. A99A2379

Our affirmance in Case No. A99A2378, the main appeal, renders moot the denial of applicant Davidson's motion to intervene in Case No. A99A2379, this cross-appeal.[6]

*Judgment affirmed in Case No. A99A2378. Appeal dismissed in Case No. A99A2379. Pope, P. J., and Smith, J., concur.*

DECIDED JANUARY 25, 2000.

*Collins & Aromatorio, Lawrence C. Collins,* for appellants (case no. A99A2378).
*Lovett, Cowart & Ayerbe, Linwood R. Lovett,* for appellants (case no. A99A2379).
*Nixon & Nixon, Jon A. Nixon, Fred I. Graham,* for appellees.

---

[4] (Citations and punctuation omitted.) *Reid v. Royal Creek Apts., L.P.,* 239 Ga. App. 536, 537 (521 SE2d 210) (1999).
[5] *Brown v. Frachiseur,* 247 Ga. 463, 464 (277 SE2d 16) (1981).
[6] *Kubler v. Goerg,* 197 Ga. App. 667, 671 (5) (399 SE2d 229) (1990).