RICKMAN, Judge,
concurring fully and specially.
I concur fully with the majority that this appeal is subject to dismissal based upon O S Advertising Co. of Ga., Inc. v. Rubin, 267 Ga. 723 (482 SE2d 295) (1997) and Hamryka v. City of Dawsonville, 291 Ga. 124, 125 (1) (728 SE2d 197) (2012). I write separately to express a genuine and respectful concern that the plain language of *274 OCGA § 5-6-35 (a) (1) combined with the oft-repeated directive of our Supreme Court that we are to give statutory text its “ordinary, logical, and common meaning,” leads me to question whether the acknowledged “fallacies in the rationale in [Trend Development Corp. v. Douglas County, 259 Ga. 425 (383 SE2d 123) (1989)]” remain viable. O S Advertising Co., 267 Ga. at 725 (2); see Deal v. Coleman, 294 Ga. 170, 172-173 (1) (a) (751 SE2d 337) (2013) (“When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would.”) (Citations and punctuation omitted.); see also Arby’s Restaurant Group, Inc. v. McRae, 292 Ga. 243, 245 (1) (743 SE2d 55) (2012); City of Atlanta v. City of College Park, 292 Ga. 741, 744 (741 SE2d 147) (2013); Hendry v. Hendry, 292 Ga. 1, 3 (1) (734 SE2d 46) (2012); Luangkhot v. State, 292 Ga. 423, 424 (1) (736 SE2d 397) (2013).
OCGA § 5-6-35 (a) (1) does not provide that appeals in zoning cases can be brought only by means of the discretionary appeal process. By its terms, that statute provides, in relevant part, only that “[a]ppeals from decisions of the superior courts reviewing decisions of . . . local administrative agencies” must be brought by means of that process.
O S Advertising Co., 267 Ga. at 726 (Carley, J., dissenting). See also King v. City of Bainbridge, 272 Ga. 427 (1) (531 SE2d 350) (2000). “An administrative agency isa governmental authority, other than a court and other than a legislative body, which affects the rights of private parties through either adjudication or rulemaking.” Dept. of Transp. v. Del-Cook Timber Co., 248 Ga. 734, 739 (3) (e) (285 SE2d 913) (1982). I question how a local City Council, an elected body, can be labeled an “administrative agency,” though I acknowledge that our Supreme Court appears to have done exactly that in Hamryka and its predecessors:
Here, the three counts of Appellants’ complaint . . . sought to invalidate the zoning decision of the Dawsonville City Council because, in making its decision, the council allegedly failed to abide by certain local ordinances and state laws. Thus, Appellants’ complaint asked the superior court to review a decision of a local administrative agency, and they are now appealing the decision of the superior court.
*275 Decided June 1, 2016
John R. Monroe, for appellants.
Freeman Mathis & Gary, Dana K. Maine, Coleen D. Hosack, for appellee.
Hamryka, 291 Ga. App. at 125 (1).
I believe that we must also strive to reconcile OCGA § 5-6-35 (a) (1) with OCGA § 5-6-30, which directs us to construe the Appellate Practice Act in such a manner as to reach the merits of cases brought to us “except as may be specifically referred to” in that article. (Emphasis supplied.)
When the above issues, which were discussed by Justice Fletcher, writing for the majority, and highlighted by a dissenting Justice Carley in O S Advertising Co., are combined with our Supreme Court’s instruction to give statutory text its “ordinary, logical and common meanings,” it is difficult, to reconcile this result. (Citation and punctuation omitted.) McKinney v. Fuciarelli, 298 Ga. 873, 874 (785 SE2d 861) (2016).
However, “this Court has no authority to overrule or modify a decision made by the Supreme Court of Georgia, as ‘[t]he decisions of the Supreme Court shall bind all other courts as precedents.’ ” Pak v. Ga. Dept. of Behavioral Health & Developmental Disabilities, 317 Ga. App. 486, 488 (731 SE2d 384) (2012) (quoting Ga. Const, of 1983, Art. VI, Sec. VI, Par. VI). Our job is to apply binding precedent, and the binding authority dictates that all zoning cases must be appealed utilizing the discretionary procedures pursuant to OCGA § 5-6-35 (a) (1).