# Court of Appeals
# of the State of Georgia

ATLANTA,  March 14, 2017

*The Court of Appeals hereby passes the following order:*

## A16A1794. SWEET CITY LANDFILL, LLC et al. v. ELBERT COUNTY et al.

Appellants Sweet City Landfill, LLC, J. B. Wright, and Jack Stovall, Jr. (collectively, "Sweet City") appeal the trial court's order granting the motion to dismiss filed by Appellees Elbert County, The Board of Commissioners of Elbert County, and the City Manager of Elbert County (collectively, "Elbert County").[1] In the notice of appeal, Sweet City states that it is filing this direct appeal pursuant to OCGA § 5-6-34 (a) (l), which provides for a direct appeal of all final judgments, except as provided in OCGA § 5-6-35. Pursuant to OCGA § 5-6-35 (a) (1), appeals from decisions of the superior courts reviewing decisions of state and local administrative agencies must be made by filing an application for discretionary appeal. Elbert County argues that the appeal should be dismissed because Sweet City was required to follow the discretionary appeals process.[2]

Sweet City initially filed a "Verified Complaint for Declaratory Judgment, and Injunctive Relief" against Elbert County, seeking declaratory judgments that its waste disposal facility was not required to obtain a special use permit, that Elbert County's Solid Waste Disposal Ordinance was unconstitutional on various grounds, and that Sweet City had a vested right to develop and operate a waste disposal facility,

---

[1] This appeal was originally filed in the Supreme Court of Georgia and subsequently transferred to this Court based on the Supreme Court's determination that this case does not fall within its jurisdiction over constitutional questions or "equity" cases.

[2] We note that Sweet City has not responded to this argument.

notwithstanding the Elbert County zoning ordinance and map. Sweet City also sought a mandatory injunction to require Elbert County to allow Sweet City to develop and operate the waste disposal facility. Elbert County moved to dismiss the complaint, and Sweet City moved for summary judgment. The trial court subsequently issued an order:

> granting summary judgment to Sweet City on the grounds that the County's Solid Waste Ordinance violated the dormant Commerce Clause of the United States Constitution, and that the July 9, 2012 Board action deprived Sweet City of equal protection under both the United States and Georgia Constitutions; declaring that Sweet City has a vested right to have the County issue "a letter of zoning and development compliance and consistency with the County's solid Waste Management Plan"; declaring that Sweet City has a vested right to develop the property as a landfill free of any zoning and land use restrictions; and, granting a temporary injunction against the County from enacting or enforcing ordinances so as to interfere with Sweet City's development. The superior court also denied the County's motion to dismiss, rejecting the County's argument that Sweet City had to exhaust its administrative remedies prior to filing suit.

*Elbert County v. Sweet City Landfill, LLC*, 297 Ga. 429, 431 (774 SE2d 658) (2015).

The Supreme Court of Georgia granted Elbert County's application for discretionary appeal.[3] The Supreme Court held that the trial court did not err in ruling that the Elbert County Board of Commissioners took no action on Sweet City's application for a special use permit, but did err in rejecting Elbert County's argument that the trial court must dismiss the matter due to Sweet City's failure to exhaust its administrative remedies. Id. at 432-433 (1). The Supreme Court further held that

---

[3] We note that the Supreme Court granted the application for discretionary appeal on the merits and not under OCGA § 5-6-35 (j), which allows an application to be granted if the trial court's order was directly appealable.

based on Sweet City's failure to obtain a final decision from the Board of Commissioners, the trial court erred in reaching the merits of Sweet City's claim to have a vested right in the issuance of a letter of compliance and in addressing Sweet City's equal protection claim. Id. at 433-434 (1). With respect to Sweet City's facial challenge to the constitutionality of Elbert County's solid waste ordinance, the Supreme Court held that the claim was not subject to an exhaustion requirement, but that the trial court had erred in failing to apply the balancing test set forth in *Pike v. Bruce Church, Inc.*, 397 U. S. 137 (90 SCt 844, 25 LEd2d 174) (1970), and remanded the case for it to do so. *Elbert Co.*, 297 Ga. at 434-436 (2).

After the case was remanded, Elbert County amended the challenged ordinance and filed a motion to dismiss because they contended that the amended ordinance rendered the remaining claim, the facial challenge to the ordinance, moot. Following a hearing, the trial court granted Elbert County's motion. Sweet City appeals this ruling, contending that the trial court erred in dismissing the declaratory judgment action based on mootness, failing to analyze Sweet City's vested rights, and failing to follow the direction of the Georgia Supreme Court on remand. Elbert County seeks dismissal of this appeal.

An application for appeal is required when the "underlying subject matter" is listed in OCGA § 5-6-35 (a), "even when the party is appealing a judgment or order that is procedurally subject to a direct appeal under OCGA § 5-6-34 (a)." *Rebich v. Miles*, 264 Ga. 467, 468 (448 SE2d 192) (1994). All appeals of zoning decisions must come by way of application. See *Trend Dev. Corp. v. Douglas County*, 259 Ga. 425, 426 (1) (383 SE2d 123) (1989).

> In essence, [the Supreme Court of Georgia] determined in *Trend* and its progeny that a zoning decision made by a local government was the action of a local administrative agency within the meaning of OCGA § 5-6-35 (a) (1), and an appeal from a superior court decision reviewing the local administrative agency's decision must come by way of application pursuant to § 5-6-35 (a) (1).

(Citations omitted.) *Fulton County v. Congregation of Anshei Chesed*, 275 Ga. 856, 857 (1) (572 SE2d 530) (2002). This rule also applies to appeals from a trial court's ruling on a challenge to the constitutionality of a zoning ordinance on its face. See *O. S. Advertising Co. of Ga., Inc. v. Rubin*, 267 Ga. 723, 725 (2) (482 SE2d 295) (1997). And the Supreme Court has made clear that OCGA § 5-6-35 (a) (1) applies even when review was sought by way of a declaratory judgment or mandamus action. See *Hamryka v. City of Dawsonville*, 291 Ga. 124, 125 (2) (728 SE2d 197) (2012). Thus, under existing Georgia Supreme Court precedent, an application for discretionary appeal was required. Accordingly, this direct appeal is DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,  03/14/2017

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____ , Clerk.