# Court of Appeals
# of the State of Georgia

ATLANTA,  August 03, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1776.  TANNER ADVERTISING GROUP, LLC v. CITY OF SUWANEE, et al.**

Tanner Advertising Group, LLC applied to the City of Suwanee for permits to post signs within city limits.  The City denied Tanner's applications, citing its 1998 Zoning Ordinance and included Sign Ordinance.  Tanner filed a civil action in superior court, challenging the validity of the ordinance and asking the court to compel the defendant to issue Tanner permission to post its requested signs.  The superior court granted summary judgment to the City, and Tanner filed this appeal. The superior court's order, however, is not subject to direct appeal.

Under OCGA § 5- 6-35 (a) (1), "[a]ppeals from the decisions of the superior courts reviewing decisions of . . . state and local administrative agencies . . . by certiorari or de novo proceedings" must be made by filing an application for discretionary appeal in this Court. The Supreme Court has determined that, in light of this statutory provision, appeals in zoning cases must be brought by discretionary application. *O S Advertising Co. of Georgia, Inc. v. Rubin*, 267 Ga. 723, 724 (1) (482 SE2d 295) (1997) (discussing *Trend Development Corp. v. Douglas County*, 259 Ga. 425 (383 SE2d 123) (1989)).[1]  This statute applies even when a plaintiff files a declaratory judgment or mandamus action in superior court, if the substance of that action pertains to judicial review of an agency decision. See *Hamryka v. City of*

---

[1] The Supreme Court recently discussed *Rubin* and *Trend* in depth, ultimately concluding that they remain binding precedent.  *Schumacher v. City of Roswell*, __ Ga. __ (Case No. S16G1703, *7-*12 (2), decided June 30, 2017).

*Dawsonville*, 291 Ga. 124, 125 (2) (728 SE2d 197) (2012) (discretionary application required where case commenced as mandamus/declaratory judgment action seeking to invalidate zoning).

Here, as in *Rubin*, Tanner brought a civil action in superior court after the City denied its request to display a sign. As in *Rubin*, Tanner's suit challenges both the facial validity of the sign ordinance and the City's application of that ordinance to Tanner's request to post a sign. Thus, as in *Rubin*, Tanner was required to file an application for discretionary appeal to obtain review of the superior court's decision. Tanner's failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  08/03/2017*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*