# Court of Appeals
# of the State of Georgia

ATLANTA,  August 11, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1801.  GEORGIA STONE INDUSTRIES, INC., et al. v. BROAD RIVER QUARRIES, LLC, et al.**

After Georgia Stone Industries, Inc., began mining a granite quarry in Rockdale County, Broad River Quarries, LLC asserted to the County that the quarrying activity violated the applicable zoning laws.  In response to Broad River's inquiries, the County issued a letter stating that it would issue a business license to Georgia Stone. Broad River and a neighboring landowner then filed a civil action in superior court, claiming that the quarrying activity violates the zoning code and asking the court to compel the County to enforce the code and revoke its letter.  The superior court granted summary judgment to the plaintiffs, and Georgia Stone filed this direct appeal.  The superior court's order, however, is not subject to direct appeal.

Under OCGA § 5-6-35 (a) (1), "[a]ppeals from the decisions of the superior courts reviewing decisions of . . . state and local administrative agencies . . . by certiorari or de novo proceedings" must be made by filing an application for discretionary appeal in this Court. The Supreme Court has determined that, in light of this statutory provision, appeals in zoning cases must be brought by discretionary application. *O S Advertising Co. of Georgia, Inc. v. Rubin*, 267 Ga. 723, 724 (1) (482 SE2d 295) (1997) (discussing *Trend Development Corp. v. Douglas County*, 259 Ga. 425 (383 SE2d 123) (1989)).[1]  This statute applies even when a plaintiff files a

---

[1] The Supreme Court recently discussed *Rubin* and *Trend* in depth, ultimately concluding that they remain binding precedent.  *Schumacher v. City of Roswell*, __ Ga. __ (Case No. S16G1703, *7-*12 (2), decided June 30, 2017).

declaratory judgment or mandamus action in superior court, if the substance of that action pertains to judicial review of an agency decision. See *Hamryka v. City of Dawsonville*, 291 Ga. 124, 125 (2) (728 SE2d 197) (2012) (discretionary application required where case commenced as mandamus/declaratory judgment action seeking to invalidate zoning).

Here, the plaintiffs filed their suit in superior court to challenge a County zoning decision. Therefore, Georgia Stone was required to file an application for discretionary appeal to obtain review of the superior court's decision. Georgia Stone's failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __08/11/2017__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____ *, Clerk.*