# Court of Appeals
# of the State of Georgia

ATLANTA,  March 03, 2020

*The Court of Appeals hereby passes the following order:*

## A20D0298. CHEROKEE COUNTY, GEORGIA v. CITY OF WOODSTOCK, GEORGIA et al.

The City of Woodstock ("the City") annexed certain property located in Cherokee County. Cherokee County subsequently filed suit against several defendants, including the City, its officials, and the property owners, alleging that the annexation was void. The parties filed cross-motions for summary judgment, and the trial court granted the defendants' motions for summary judgment. Cherokee County then filed this discretionary application under OCGA § 5-6-35 (a) (1).

OCGA § 5-6-35 (a) (1) requires an application to appeal "from decisions of the superior courts reviewing decisions of the State Board of Workers' Compensation, the State Board of Education, auditors, state and local administrative agencies, and lower courts by certiorari or de novo proceedings." This requirement has been extended to certain decisions made by a city council. See *O. S. Advertising Co. of Georgia v. Rubin*, 267 Ga. 723, 724 (1) (482 SE2d 295) (1997) (party must file a discretionary application to challenge a city's zoning decision). However, not all decisions made by a city council trigger the requirements of OCGA § 5-6-35 (a) (1). See *Schumacher v. City of Roswell*, 301 Ga. 635, 636-637 (1) (803 SE2d 66) (2017) [holding that a challenge to a city council's enactment of a zoning code did not constitute a "decision" within the meaning of OCGA § 5-6-35 (a) (1)]. Although decisions that are adjudicatory in nature require compliance with the discretionary appeal statute, decisions that are legislative do not require compliance. See id. Annexation has historically been treated as a legislative function. See *Plantation Pipe Line Co. v. City of Bremen*, 227 Ga. 1, 6-7 (1) (178 SE2d 8680 (1970) (upholding the

authority of the General Assembly to delegate the legislative power of annexation to municipalities); *City of Centerville v. City of Warner Robins*, 270 Ga. 183, 185 (2) (508 SE2d 161) (1998) (recognizing the legislative function of annexation); see also *City of Brookhaven v. City of Chamblee*, 329 Ga. App. 346 (765 SE2d 33) (2014) (direct appeal from summary judgment following annexation). Accordingly, the procedural requirements of OCGA § 5-6-35 are not implicated, and the trial court's order may be appealed directly.

Under OCGA § 5-6-35 (j), this Court will grant a timely discretionary application if the lower court's order is subject to direct appeal. Accordingly, this application is hereby GRANTED. Cherokee County shall have 10 days from the date of this order to file a notice of appeal with the trial court, if the county has not already done so. The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* __03/03/2020__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*