## S04A1939. COFFEY et al. v. FAYETTE COUNTY et al.
### (610 SE2d 41)

SEARS, Presiding Justice.

The appellants appeal from an order of the trial court denying their request to temporarily enjoin the enforcement of certain provisions of the Fayette County Sign Ordinance. The appellants contend, primarily, that the trial court applied an incorrect standard for determining the constitutionality of the ordinance. Because we agree that the trial court applied an inappropriate standard, we reverse the trial court's judgment and remand for proceedings consistent with this opinion.

In 1999, Fayette County adopted a sign ordinance that, among other things, restricts non-commercial signs in residential areas to one sign per lot and to a size of no more than six square feet. Appellants Curtis Coffey and Wayne Charles are individual residents of Fayette County, and they filed this action in July 2004, contending that the foregoing parts of the county's sign ordinance are unconstitutional. They also sought an interlocutory injunction prohibiting enforcement of the relevant parts of the ordinance pending a final determination of the case. The trial court denied the appellants' motion solely on the ground that "there is a rational relationship between the County's sign restrictions and its interests in aesthetics and traffic safety." From this order, the appellants have filed this appeal.

The appellants contend that the trial court applied an incorrect standard for determining the validity of the county's sign restrictions. We agree and thus reverse the trial court's judgment and remand for proceedings consistent with this opinion.

It is well-settled that a county may "adopt reasonable restrictions regulating the time, place, or manner of expression."[1] Under the Federal Constitution, restrictions such as those adopted by Fayette County are "valid if they do not refer to the content of the speech,"[2] "are narrowly tailored to serve a significant government interest,"[3] and "leave open alternative methods of communication."[4] This Court has interpreted the Georgia Constitution to provide even broader protection than the First Amendment, in that we require a government to adopt the least restrictive means of achieving its goals. Under this test, a government must "draw its regulations to suppress no

---

[1] *Statesboro Publishing Co. v. City of Sylvania*, 271 Ga. 92, 93 (516 SE2d 296) (1999).
[2] Id.
[3] Id.
[4] Id.

more speech than is necessary to achieve [its] goals."[5]

In the present case, other than correctly determining that Fayette County has a significant governmental interest in aesthetics and traffic safety, the trial court failed to apply the foregoing tests to the relevant provisions of the ordinance. Moreover, because the only ground given by the trial court for denying the appellants' request for injunctive relief was that "there is a rational relationship between the County's sign restrictions and its interests in aesthetics and traffic safety," it appears that the trial court denied appellants' request for interlocutory injunctive relief solely on the ground that the appellants would be unlikely to prevail on the merits of their claim that the relevant provisions of the ordinance are unconstitutional.[6] Inasmuch as the trial court made this ruling based upon an incorrect legal standard, we remand the case to the trial court for it to evaluate the appellants' request for injunctive relief using the correct legal standards.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED MARCH 7, 2005 —
RECONSIDERATION DENIED MARCH 28, 2005.

*Webb & Porter, Edward A. Webb, William E. Porter, Scott D. Bennett,* for appellants.
*McNally, Fox & Grant, Dennis A. Davenport,* for appellees.

---

[5] Id. at 95-96.

[6] If it appears unlikely that a plaintiff will prevail on the merits of his or her claim, a trial court may deny interlocutory injunctive relief on this ground. *Sweeney v. Landings Assn.*, 277 Ga. 761, 762-763 (595 SE2d 74) (2004).