S06A0055. COFFEY et al. v. FAYETTE COUNTY et al.
(631 SE2d 703)

MELTON, Justice.

This marks the second appearance before this Court of this appeal regarding the constitutionality of a sign ordinance adopted by Fayette County in 1999. In our prior opinion, we set forth the salient facts as follows:

> In 1999, Fayette County adopted a sign ordinance that, among other things, restricts non-commercial signs in residential areas to one sign per lot and to a size of no more than six square feet. Appellants Curtis Coffey and Wayne Charles are individual residents of Fayette County, and they filed this action in July 2004, contending that the foregoing parts of the county's sign ordinance are unconstitutional. They also sought an interlocutory injunction prohibiting enforcement of the relevant parts of the ordinance pending a final determination of the case. The trial court denied the appellants' motion solely on the ground that "there is a rational relationship between the County's sign restrictions and its interests in aesthetics and traffic safety."

*Coffey v. Fayette County*, 279 Ga. 111 (610 SE2d 41) (2005).

We determined that the rational relationship test cited by the trial court was an incorrect standard, holding:

> This Court has interpreted the Georgia Constitution to provide even broader protection than the First Amendment, in that we require a government to adopt the least restrictive means of achieving its goals.Under this test, a government must draw its regulations to suppress no more speech than is necessary to achieve its goals.

(Punctuation omitted.) Id. at 111-112 (citing *Statesboro Publishing Co. v. City of Sylvania*, 271 Ga. 92 (516 SE2d 296) (1999)).

On remand and in response to appellants' renewed motion for an injunction, the trial court determined that a number of provisions in the ordinance were unconstitutional restrictions on the content of certain speech because they were not content-neutral.[1] Nonetheless, the trial court found that these provisions could be severed from the ordinance pursuant to its severance clause without affecting its overall viability. The trial court further held that the redacted statute was the least restrictive means to achieve the county's goals of traffic safety and neighborhood aesthetics. In reaching this conclusion, the trial court received no evidence from the county but nonetheless held:

> If, in the county's estimation, only one sign and only one size will adequately promote traffic safety, this Court is not in a position to dispute this conclusion. . . . Additionally, if in the county's estimation limiting the number and size of signs in residential areas is the only way to maintain the aesthetic goals it wishes to maintain, this Court will not question its conclusion.

In *Statesboro Publishing*, supra, we stressed that, in considering the constitutionality of ordinances restricting free speech, "we must review [the ordinance] closely to ensure that it is narrowly drawn to serve the city's interest." Id. at 93 (1). In conducting this close review, a court cannot merely defer to the discretion of the governmental entity imposing the ordinance. If that were the case, Georgia's additional restrictions on limitations on free speech would be rendered meaningless. Instead, in such cases, the reviewing court must base its determination on a careful consideration of the evidence,

---

[1] For example, Section 1-55 of the ordinance stated that the one allowed residential sign could "not be used to direct the public to a place or event at a location other than the location upon which the sign is posted."

none of which has been presented here, to determine that the ordinance in question does not burden any more speech than is necessary.

Here, the trial court deferred without question to the decisions made at the discretion of the county without receiving any evidence or fully considering whether the ordinance was the least restrictive means of achieving the county's goals.[2] As a result, we must remand this case for further consideration consistent with this requirement.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED JUNE 26, 2006.

*Edward A. Webb, G. Franklin Lemond, Jr.*, for appellants.
*McNally, Fox & Grant, Dennis A. Davenport*, for appellees.

---

[2] Because we must remand this case in order for the trial court to fully consider whether the ordinance was narrowly tailored and the least restrictive means to achieve the county's goals, we do not reach Coffey's contention regarding the viability of the ordinance after severance. Likewise, we do not reach Coffey's contention that the ordinance fails to provide adequate alternative means of communication at this time.