A07A1816. COFFEY et al. v. FAYETTE COUNTY et al.
(656 SE2d 262)

ELLINGTON, Judge.

This is the third time this dispute over a Fayette County sign ordinance has appeared before our state's appellate courts. In July 2004, Curtis Coffey, a Fayette County homeowner; Wayne Charles, a principal of Granite State Outdoor Advertising; and Tanner Advertising Group, LLC ("the appellants"), filed an action to enjoin the

County from enforcing provisions of its 1999 sign ordinance restricting signs in residential areas to one sign per lot and to a size of no more than six square feet. In *Coffey v. Fayette County*, 279 Ga. 111 (610 SE2d 41) (2005) (*"Coffey I"*), the Supreme Court of Georgia reversed the trial court's denial of the appellants' petition on the ground that the trial court had failed to consider whether the 1999 ordinance was content-neutral and was narrowly tailored to serve a significant government interest, and whether Fayette County had drawn "its regulations to suppress no more speech than is necessary to achieve its goals." (Punctuation and footnote omitted.) Id. at 111-112.

On remand, the trial court determined that while some provisions of the sign ordinance were indeed unconstitutional as not content-neutral, the provisions limiting residents to one sign of a certain size were both severable and constitutional, being the least restrictive means to achieve county goals including traffic safety and neighborhood aesthetics. See *Coffey v. Fayette County*, 280 Ga. 656, 657 (631 SE2d 703) (2006) (*"Coffey II"*). The appellants appealed, and the Supreme Court again reversed, holding that the trial court erred when it "deferred without question to the decisions made at the discretion of the [C]ounty without receiving evidence or fully considering whether the ordinance was the least restrictive means of achieving the county's goals." (Footnote omitted.) Id. at 658. The Court then remanded the case a second time. Id.

On November 10, 2005, before the Supreme Court issued a ruling in *Coffey II*, Fayette County amended its sign ordinance to remove the provisions under attack. Following remand to the trial court, the county moved to dismiss the case on the ground that the amendment of the ordinance had mooted the appellants' claims for damages resulting from the county's enforcement of the ordinance. The trial court granted the motion to dismiss, and we now reverse.[1]

"A motion to dismiss may be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his claim. Our review is de novo." (Citations and punctuation omitted.) *McKesson Corp. v. Green*, 266 Ga. App. 157, 165 (3) (597 SE2d 447) (2004).

1. The appellants first argue that the trial court erred when it dismissed their claims as moot. We agree.

(a) As a preliminary matter, we note that the trial court's order granting the county's motion to dismiss cited a decision of the United States Court of Appeals for the Eleventh Circuit in the federal litigation arising from the enforcement of the same ordinance as

---

[1] The appellants filed their notice of appeal in the Supreme Court, which ordered the case transferred to this Court on May 14, 2007.

support for its holding that the appellants' claims were moot. See *Tanner Advertising Group v. Fayette County*, 451 F3d 777 (11th Cir. 2006). However, the Eleventh Circuit held not that the 2005 amendment to the ordinance mooted Tanner's claim for damages, but rather that Tanner had waived the damages claim by failing to raise it in the trial court. Id. at 785-787 (III) (A) (1). Nor did the Eleventh Circuit consider Tanner's claims that the ordinance violated the Georgia Constitution, since the federal district court had previously dismissed those claims without prejudice. See *Tanner Advertising Group v. Fayette County*, 2004 U. S. Dist. LEXIS 30087 (IV) (N.D. Ga. May 25, 2004) (declining to exercise supplemental jurisdiction over Tanner's claims that the ordinance violated the Georgia Constitution); see also *Rafizadeh v. KR Snellville*, 280 Ga. App. 613, 617-618 (3) (634 SE2d 406) (2006) (reversing trial court's finding that claim was barred by res judicata because prior dismissal without prejudice was not an adjudication on the merits). The federal decisions in related matters thus provide no support for the trial court's conclusion that the appellants' damages claims are moot.

(b) The enforcement of an unconstitutional sign ordinance may give rise to a claim for damages against a governmental entity. See *SMD, L.L.P. v. City of Roswell*, 252 Ga. App. 438, 440-441 (2) (555 SE2d 813) (2001) (42 USC § 1983 authorizes damages claim for deprivation of constitutional rights as well as injuries that are "the natural consequence of the deprivation" arising from enforcement of sign ordinance). Here, the trial court previously found portions of the 1999 ordinance unconstitutional, and the appellants have consistently asserted claims for damages arising from that ordinance as enforced against them. As the Eleventh Circuit held in a related matter, the 2005 amendment to the Fayette County sign ordinance does not moot a claim for damages based on enforcement of the prior version of the ordinance. See *Granite State Outdoor Advertising v. City of Clearwater*, 351 F3d 1112, 1119 (II) (B) (11th Cir. 2003). The trial court therefore erred when it dismissed the appellants' claims as moot.

2. In light of our decision in Division 1, we need not consider the appellants' remaining assertions.

*Judgment reversed. Andrews, P. J., and Adams, J., concur.*

DECIDED JANUARY 9, 2008.

*Edward A. Webb*, for appellants.
*Henderson & Hundley, Laurel E. Henderson*, for appellees.