**SECOND DIVISION**
**BARNES, P. J.,**
**RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 28, 2018**

# In the Court of Appeals of Georgia

A16A1794. SWEET CITY LANDFILL, LLC et al. v. ELBERT
   COUNTY et al.

RICKMAN, Judge.

Appellants Sweet City Landfill, LLC, J. B. Wright, and Jack Stovall, Jr. (collectively, "Sweet City") appeal the trial court's November 2015 order granting the motion to dismiss filed by Appellees Elbert County, The Board of Commissioners of Elbert County, and the County Manager of Elbert County (collectively, "Elbert County"). Relying on existing precedent of the Supreme Court of Georgia, we previously dismissed this appeal based on Sweet City's failure to follow the discretionary appeal process. The Supreme Court subsequently granted Sweet City's petition for certiorari, vacated our decision, and remanded the case to this Court for reconsideration in light of two recent decisions, *Schumacher v. City of Roswell*, 301

Ga. 635 (803 SE2d 66) (2017), and *Shelley v. Town of Tyrone*, 302 Ga. 297 (806 SE2d 535) (2017). For reasons that follow, we affirm.

Sweet City initially filed a "Verified Complaint for Declaratory Judgment, and Injunctive Relief" against Elbert County, seeking declarations that its waste disposal facility was not required to obtain a special use permit, that Elbert County's Solid Waste Disposal Ordinance was unconstitutional on various grounds, and that Sweet City had a vested right to develop and operate a waste disposal facility notwithstanding the Elbert County zoning ordinance and map. Sweet City also sought a mandatory injunction to require Elbert County to issue a special use permit, if necessary, to allow Sweet City to develop and operate the waste disposal facility. Elbert County moved to dismiss the complaint, and Sweet City moved for summary judgment. The trial court subsequently issued an order in September 2014:

> granting summary judgment to Sweet City on the grounds that the County's Solid Waste Ordinance violated the dormant Commerce Clause of the United States Constitution, and that the July 9, 2012 Board action deprived Sweet City of equal protection under both the United States and Georgia Constitutions; declaring that Sweet City has a vested right to have the County issue "a letter of zoning and development compliance and consistency with the County's solid Waste Management Plan"; declaring that Sweet City has a vested right to develop the property as a landfill free of any zoning and land use restrictions; and,

2

granting a temporary injunction against the County from enacting or enforcing ordinances so as to interfere with Sweet City's development. The superior court also denied the County's motion to dismiss, rejecting the County's argument that Sweet City had to exhaust its administrative remedies prior to filing suit.

*Elbert County v. Sweet City Landfill*, 297 Ga. 429, 431 (774 SE2d 658) (2015).

After granting Elbert County's application for discretionary appeal, the Supreme Court of Georgia held that the trial court did not err in ruling that the Board of Commissioners of Elbert County (the "Board") took no action on Sweet City's application for a special use permit, but did err in rejecting Elbert County's argument that the trial court must dismiss the matter due to Sweet City's failure to exhaust its administrative remedies. Id. at 432-433 (1). The Supreme Court further held that based on Sweet City's failure to obtain a final decision from the Board, the trial court erred in reaching the merits of Sweet City's claim of a vested right in the issuance of a letter of compliance and in addressing Sweet City's equal protection claim. Id. at 433-434 (1). With respect to Sweet City's facial challenge to the constitutionality of Elbert County's solid waste ordinance, the Supreme Court held that the claim was not subject to an exhaustion requirement, but that the trial court had erred in failing to apply the balancing test set forth in *Pike v. Bruce Church, Inc.*, 397 U. S. 137 (90 SCt

3

844, 25 LEd2d 174) (1970), and remanded the case for it to do so. *Elbert County*, 297 Ga. at 434-436 (2).

After the case was remanded to the trial court, Elbert County repealed and replaced the challenged ordinance and filed a motion to dismiss, contending that the amended ordinance rendered the remaining claim, the facial challenge to the ordinance, moot. Following a hearing, the trial court granted Elbert County's motion. Sweet City appeals this ruling, contending that the trial court erred in dismissing the declaratory judgment action based on mootness, failing to analyze Sweet City's vested rights, and failing to follow the direction of the Georgia Supreme Court on remand.

1. We must first reconsider our determination that an application for discretionary appeal was required in this case. Even with recent authority from the Georgia Supreme Court, determining whether a direct appeal or a discretionary appeal is appropriate in a case involving zoning issues requires us to a navigate a tortuous path.

Pursuant to OCGA § 5-6-35 (a) (1), appeals from decisions of the superior courts reviewing decisions of state and local administrative agencies must be made by filing an application for discretionary appeal. In 1989, the Georgia Supreme Court

4

held that "all zoning cases appealed either to the Court of Appeals or the Supreme Court of Georgia must hereafter come by application." *Trend Dev. Corp. v. Douglas County*, 259 Ga. 425, 426 (1) (383 SE2d 123) (1989). This rule also applied to appeals from a trial court's ruling on a challenge to the constitutionality of a zoning ordinance on its face. See *O. S. Advertising Co. of Ga. v. Rubin*, 267 Ga. 723, 725 (2) (482 SE2d 295) (1997). In *Schumacher v. City of Roswell*, 301 Ga. 635, 636-638 (1) (803 SE2d 66) (2017), the Georgia Supreme Court determined that a stand-alone lawsuit challenging an ordinance as facially invalid is not a "zoning case" under *Trend* and *Rubin* and therefore does not require a discretionary application. The *Schumacher* Court did not overrule *Trend* or *Rubin*, instead concluding that "a careful reading of [*Trend* and *Rubin*] shows that they can be reconciled with OCGA § 5-6-35 (a) (1) because a 'zoning case' is a case involving a 'decision' by an 'administrative agenc[y]' dealing with the zoning or allowed use of a particular parcel of land." Id. at 638 (2).

The issue in *Schumacher* was whether a city council's adoption of a new zoning code was a "decision" of a "local administrative agency." Id. at 637 (1). A "decision," as the term is used in OCGA § 5-6-35 (a) (1), refers to an administrative determination of an adjudicative, as opposed to an executive or legislative, nature.

5

*State v. Intl. Keystone Knights of the Ku Klux Klan*, 299 Ga. 392, 403-404 (4) (a) (788 SE2d 455) (2016). The distinction between an adjudicative determination and a legislative determination has been defined as follows:

> Administrative determinations of a legislative nature are prospective in application, general in application, and often marked by a general factual inquiry that is not specific to the unique character, activities or circumstances of any particular person. Determinations of an adjudicative nature, on the other hand, are immediate in application, specific in application, and commonly involve an assessment of facts about the parties and their activities, businesses, and properties.

(Citations and punctuation omitted.) Id. at 401 (4) (a). In *Schumacher*, because the lawsuit only challenged the city council's adoption of a development code and sought no individualized zoning-related relief, and the adoption of the new development code was prospective in nature, the majority determined that the adoption of the new code was an exercise of legislative power and therefore was not an adjudicative "decision" under the statute. *Schumacher*, 301 Ga. at 637 (1).

The Court in *Schumacher* further determined that the city council was not acting as an "administrative agency," noting that "[t]he enactment of ordinances is at

6

the core of the City Council's legislative functions." Id. at 638 (1).[1] Because there was not a "decision" by an "administrative agenc[y]" as required by OCGA § 5-6-35 (a) (1), the Court held that an application for discretionary appeal was not required, id., and that *Trend* and *Rubin* did not apply. Id. at 638-639 (2).

Another twist in the process of determining whether a case is a "zoning case" is that we must look not only to the issue on appeal, but to the issues raised and decided in the case below. See *Schumacher*, 301 Ga. at 639 (2). Although the issue on appeal in *Rubin* was whether a sign ordinance was unconstitutional, the Court in *Schumacher* noted that "*Rubin* still involved an appeal from an administrative agency's denial of an individual variance request" because appeal was taken from the denial of a landowner's application for a sign ordinance variance. Id. Thus, *Rubin* was a "zoning case" because it initially involved an individualized determination by an "administrative agency" as to the zoning or permitted use of a particular parcel of land. Id.

---

[1] The Court in *Schumacher* did not consider whether a city council, an elected body, could be properly labeled an "administrative agency" under any circumstances, but instead focused on the function being performed by the council to determine if it was acting as an "administrative agency."

Applying these principles to this case, we conclude that this is not a "zoning case" that requires an application for discretionary appeal. When the Georgia Supreme Court remanded this case to the superior court, the only claim remaining was Sweet City's facial challenge to the constitutionality of Elbert County's solid waste ordinance under the dormant Commerce Clause of the United States Constitution. As in *Schumacher*, the adoption of the ordinance was an exercise of legislative power and therefore not an adjudicative "decision" of an "administrative agenc[y]" under OCGA § 5-6-35 (a) (1). See *Schumacher*, 301 Ga. at 637 (1). Unlike *Schumacher*, however, this was not a stand-alone lawsuit challenging an ordinance as facially invalid because Sweet City initially sought a special use permit and later a determination that its waste disposal facility was not required to obtain the special use permit mandated by the ordinance, arguably requiring an individualized determination about a particular property. But the Board took no action on Sweet City's application for a special use permit and therefore made no individualized determination about a particular property. Because no adjudicative "decision" was made here, this is not a "zoning case" under *Trend* or *Rubin*. See *Schumacher*, 301 Ga. at 635. Accordingly, Sweet City's direct appeal is properly before this Court.

2. Sweet City contends that the trial court erred by dismissing its action as moot.

On September 14, 2015, the Board repealed and replaced its solid waste ordinance, which required a special use permit prior to locating any new private landfill, waste disposal area or waste storage area in Elbert County. The 2015 ordinance eliminated from the prior ordinance the provisions challenged by Sweet City, replacing what had been "requirements" for obtaining a special use permit with factors that should be considered when reviewing an application for a special use permit.

Because the prior solid waste ordinance is no longer effective, "judicial resolution of [Sweet City]'s challenge to it would amount to the determination of an abstract question that would give [it] no relief." (Citations and punctuation omitted.) *Shelley v. Town of Tyrone*, 302 Ga. 297, 307 (3) (806 SE2d 535) (2017). "[A]nd the appellate court is not required to retain a moot case and decide it because a party might possibly derive some future benefit from a favorable adjudication on an abstract question." (Citation and punctuation omitted.) *Scarbrough Group v. Worley*, 290 Ga. 234, 236 (719 SE2d 430) (2011).

9

Relying on *Coffey v. Fayette County*, 289 Ga. App. 153 (656 SE2d 262) (2008), Sweet City contends that the mootness doctrine does not bar claims for damages under 42 USC § 1983, and that it is entitled to damages incurred when the prior ordinance was enforced against it. In *Coffee*, this Court held that an amendment to a sign ordinance did not moot a claim for damages based on the enforcement of the prior sign ordinance, portions of which had been found unconstitutional. Id. at 155 (1) (b). Here, however, the prior solid waste ordinance was never enforced against Sweet City and therefore its damages claim will not save its constitutional claim from mootness. See *Elbert Co.*, 297 Ga. at 433 (1) (the Board took no action on Sweet City's application for a special use permit under the prior ordinance); see also *DA Mtg. v. City of Miami Beach*, 486 F.3d 1254, 1260 (I) (A) (11th Cir. 2007).

Relying on *WMW, Inc. v. American Honda Motor Co.*, 291 Ga. 683, 685 (2) (733 SE2d 269) (2012), Sweet City contends that the trial court erred in dismissing its claims because Elbert County's voluntary cessation of challenged conduct does not render the case moot. In *WMW*, the Georgia Supreme Court, relying on federal authority, adopted the voluntary cessation doctrine, which provides that the "voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged

10

conduct as soon as the case is dismissed." (Citation and punctuation omitted.) Id. at 685 (2). The Court in *WMW* also recognized that "[a] narrow exception to the voluntary cessation doctrine exists where the subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur," and that the "heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness." (Citations and punctuation omitted.) Id. at 685 (2).

While it is true that the burden of proving mootness generally falls heavily on the party asserting it, "governmental entities and officials have been given considerably more leeway than private parties in the presumption that they are unlikely to resume illegal activities." *Coral Springs Street Systems v. City of Sunrise*, 371 F3d 1320, 1328-1329 (II) (A) (11th Cir. 2004). "[W]hen the defendant is not a private citizen but a government actor, there is a rebuttable presumption that the objectionable behavior will *not* recur." (Emphasis in original.) *Troiano v. Supervisor of Elections in Palm Beach County*, 382 F3d 1276, 1283 (II) (11th Cir. 2004). "When government laws or policies have been challenged, the [United States] Supreme Court has held almost uniformly that cessation of the challenged behavior moots the suit." Id. at 1283 (II). "The [Supreme] Court has rejected an assertion of mootness in this

11

kind of challenge *only* when there is a substantial likelihood that the offending policy will be reinstated if the suit is terminated." (Emphasis in original.) Id. at 1283-1284 (II).

"Whether the repeal of a law will lead to a finding that the challenge to the law is moot depends *most significantly* on whether the court is sufficiently convinced that the repealed law will not be brought back." (Citation and punctuation omitted; emphasis in original.) *Nat. Advertising Co. v. City of Miami*, 402 F3d 1329, 1334 (11th Cir. 2005). Here, the trial court determined that "there is no evidence that Elbert County intends to re-enact the prior version of the ordinance," recognizing that counsel for Elbert County had expressly stated that Elbert County would not reenact the prior ordinance. Sweet City has not pointed to any evidence to the contrary, and in the absence of evidence indicating that Elbert County intends to return to the prior ordinance, Sweet City's legal challenge to it is moot. See id.[2] The fact that Elbert County repealed the prior ordinance during litigation does not alter this result as "[t]he existence of litigation does not, in and of itself, preclude a municipality or county from rectifying the deficiency highlighted by the litigation." (Citations and

---

[2] To the extent that Sweet City also seeks to challenge the 2015 ordinance, that issue is not properly before us. See *Shelley*, 302 Ga. at 307-308 (3).

12

punctuation omitted.) *Shelley*, 302 Ga. at 307 (3). Nor does this case fall within the narrow exception to the doctrine of mootness when the issue is capable of repetition yet evades review. See *Hopkins v. Hamby Corp.*, 273 Ga. 19 (538 SE2d 37) (2000).

3. Sweet City contends that the trial court erred in failing to analyze Sweet City's claim of vested rights, arguing that those rights preclude Elbert County from applying the 2015 ordinance to its application for a special use permit.

This issue is not properly before us given the Georgia Supreme Court's determination in the earlier appeal that the trial court erred in reaching the merits of Sweet City's claim to have a vested right in the issuance of a letter of compliance because

> Sweet City's failure to obtain a final decision from the Board and afford it the opportunity to address its claim of a vested right to a [special use permit] made it impossible for the superior court to determine whether Sweet City's vested rights have been violated, since the appropriate County authority never denied it any such permit.

(Citation and punctuation omitted.) *Elbert County*, 297 Ga. at 433-434 (1).

4. Sweet City contends that the trial court erred by failing to follow the direction of the Georgia Supreme Court on remand to apply the test set forth in *Pike,* 397 U. S. 137, to determine whether the prior ordinance violates the Commerce

13

Clause before considering any other issue. Mootness, however, is an issue of jurisdiction and must be determined before a court addresses the merits of a claim. See *Shelley*, 302 Ga. at 308 (3). Thus, the trial court properly considered the issue of mootness first. See id.

*Judgment affirmed. Barnes, P. J., and Brown, J., concur.*