# Court of Appeals
# of the State of Georgia

ATLANTA,  April 01, 2024

*The Court of Appeals hereby passes the following order:*

## A24D0271. SWEET CITY LANDFILL, LLC v. ELBERT COUNTY, GEORGIA.

This protracted zoning dispute involves Sweet City Landfill, LLC's quest to obtain a special use permit ("SUP") for a solid waste landfill.[1] The superior court granted Sweet City's petition for writ of certiorari, concluded that the Board of Commissioners ("BOC") erred by applying the wrong ordinance in considering Sweet City's SUP application, and remanded the matter for the BOC to hold a new hearing under the correct legal standard. From that order, Sweet City has filed this application for discretionary review.[2] This Court lacks jurisdiction because the application is premature.

A judgment of reversal by the superior court is not a final judgment "where the case is remanded to the lower tribunal for further consideration." *Mayor of Hinesville v. Gastin*, 178 Ga. App. 776 (344 SE2d 744) (1986) (dismissing as premature an appeal from superior court order remanding a zoning case for further consideration). Compare *Hughey v. Gwinnett County*, 278 Ga. 740, 741 (1) (609 SE2d 324) (2004

---

[1] Litigation arising from Sweet City's SUP application has been the subject of several previous appellate appearances. See *Elbert County v. Sweet City Landfill, LLC*, 297 Ga. 429 (774 SE2d 658) (2015); *Sweet City Landfill, LLC v. Elbert County*, 347 Ga. App. 311 (818 SE2d 93) (2018); *Sweet City Landfill, LLC v. Lyon*, 352 Ga. App. 824 (835 SE2d 764) (2019); *Sweet City Landfill, LLC v. Elbert County*, Case No. A22I0147 (Mar. 31, 2022); *Sweet City Landfill, LLC v. Elbert County*, Case No. A22A1330 (Jan. 24, 2023).

[2] Sweet City filed this application in the Supreme Court, which transferred the matter to this Court. See Case No. S24D0635 (Feb. 19, 2024).

(superior court's reversal of Administrative Law Judge's ("ALJ") decision on legal issues was final and appealable because "the return of the case to the ALJ did not require any further proceedings in that forum, nor was the ALJ ordered to reconsider any issues under a different standard than previously applied."). Because this case is still pending below, Sweet City was required to comply with the interlocutory application statute.[3] *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991) ("the discretionary-application statute, OCGA § 5-6-35, does not allow a party to ignore the interlocutory-application subsection, OCGA § 5-6-34 (b), when attempting to obtain appellate review."). Accordingly, this Court lacks jurisdiction and the instant application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__04/01/2024_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[3] Sweet City's contention that the order falls under the collateral order doctrine lacks merit since this matter does not belong to that "very small class of interlocutory rulings," which are effectively final because they determine claims which are separable from, and collateral to, rights asserted in the action. *Rivera v. Washington*, 298 Ga. 770, 774 (784 SE2d 775) (2016).